(29 Misc. Rep. 652.)

### SISSINCH v. BERNHARDT et al.

(Supreme Court, Appellate Term. November 29, 1899.)

WITNESSES—CROSS-EXAMINATION—PECUNIARY INTEREST.
　　It is error to exclude a question on cross-examination as to the witness' pecuniary interest in the result of the action.

Appeal from municipal court, borough of Manhattan, First district.

Action by Albert Sissinch against Rika Bernhardt and others. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Paskusz & Cohen, for appellants.
Louis Levy, for respondent.

LEVENTRITT, J. This action was on a bond given pursuant to section 2912 of the Code of Civil Procedure, and the sole issue was whether the defendant Rika Bernhardt, the principal, was the general owner of certain chattels transferred to her under a bill of sale from her husband. The plaintiff, in his efforts to overcome the proof of her title, introduced the evidence of two witnesses, Adolph Mendel and Julius Kaufman, the original owners of the claim which was the foundation of this suit, and which the plaintiff had acquired through an intermediate assignment. On cross-examination each of those witnesses was interrogated as to his pecuniary interest in the result of the action. The evidence was excluded, and exceptions were duly taken. These rulings constituted error prejudicial to the defendants. The interest which a witness has in the subject of the controversy is always a material inquiry. 1 Greenl. Ev. § 446; In re Snelling, 136 N. Y. 515, 519, 32 N. E. 1006; Vaughn v. Westover, 2 Hun, 43. The utility of cross-examination aimed at the credibility of a witness is seriously impaired if inquiry into his relation to the subject-matter of the litigation be restricted. The plaintiff's recovery in this action depended largely on the testimony of these two witnesses, who gave evidence of admissions adverse to the defendants' contention. Their disinterestedness, therefore, especially when considered in the light of the slight proof attacking the bona fides of the transfer, became of material moment. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.